UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MICHAEL HICKINGBOTTOM, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 2:11-cv-193-JMS-WGH |
| | ) |
| SUPERINTENDENT, Wabash Valley | ) |
| Correctional Facility, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Michael Hickingbottom for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. His request to proceed *in forma pauperis* [3] is **granted**, while his motions for appointment of counsel [2] and for an evidentiary hearing [4] are **denied.** In addition, the court finds that a certificate of appealability should not issue.

As a preliminary matter, the proper respondent in this action is the petitioner's custodian, as shown in the caption of this Entry, and that official named in his official capacity is **substituted** as the respondent.

**I.**

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). Hickingbottom's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) fails this test and the action must therefore be dismissed.

The pleadings and the expanded record show that (1) Hickingbottom filed a prior habeas action, docketed in this court as No. 1:09-cv-538-WTL-DML challenging his Lake County conviction for the murder of David Reed, and (2) the prior habeas action was denied and the action dismissed with prejudice on October 30, 2009.

Hickingbottom has now filed another petition for a writ of habeas corpus.

When there has already been a decision on the merits in a federal habeas action, another round of federal collateral review requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.*

Hickingbottom's request for leave to file this action was docketed as No. 11-2404 in the Seventh Circuit Court of Appeals and was denied in the Order issued by that Court on July 12, 2011, wherein the Court examined the application and concluded that the criteria for authorization under § 2244(b)(2) were not satisfied.

With the prior habeas petition motion having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be dismissed for lack of jurisdiction. The appointment of counsel for Hickingbottom in these circumstances is not in the interests of justice, see 28 U.S.C. § 3006A, and hence that motion [2] is **denied**. Hickingbottom's request for an evidentiary hearing [4] is **denied,** because such a proceeding is only necessary when a more extensive factual record must be compiled to decide an issue. *See Newell v. Hanks*, 283 F.3d 827, 838 (7th Cir. 2002). That is not the case here.

Judgment consistent with this Entry shall now issue.

**II.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Hickingbottom has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 08/17/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana